UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

WDH LLC,

        Plaintiff,

v.

ROBERT SOBCZAK-SLOMCZEWSKI

        Defendant.

Case No. 10-cv-741

---

## DECLARATION OF JONATHAN D. BUNDY IN RESPONSE TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

---

I, Jonathan D. Bundy, certify under penalty of perjury that the following is true and correct to the best of my knowledge.

1. I am one of the attorneys of record for Plaintiff WDH, LLC ("WDH"), in the above captioned matter, and have personal knowledge of the facts set forth in this Declaration.

2. Defendant Sobczak-Slomczewski ("Defendant") filed a Motion to Vacate Default Judgment on December 22, 2010, in which Defendant's counsel argues that the Defendant's failure to answer was due to counsel's required attendance at a trial in Illinois.

3. WDH filed its Complaint against the Defendant in this matter in Sauk County Circuit Court on October 21, 2010.

4. WDH served its Summons and Complaint on Defendant's spouse, Joanne Sobczak-Slomczewski, at their joint residence, 624 W. Natalie Lane, Addison, Illinois, on

October 28, 2010. On November 8, 2010, Proof of Service was filed with the Sauk County Circuit Court confirming service on Defendant. (A copy of which is attached as Exhibit A).

5.   The Defendant did not file an answer or other pleading with the Sauk County Circuit Court by the responsive pleading deadline of November 17, 2010.

6.   The Defendant removed this case from Sauk County Circuit Court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on November 29, 2010, twelve days after defaulting in state court.

7.   To the extent that Federal Rule of Civil Procedure 81(c) extended the time for answering Plaintiff's Complaint, the latest that an answer would have been due was December 6, 2010.

8.   Defendant filed no answer or other responsive pleading in this Court by December 6, 2010.

9.   WDH filed a Request for Entry of Default on December 6, 2010, which was granted and entered by the Clerk of Court, on December 9, 2010.

10.  The Request for Entry of Default was filed electronically and sent to Defendant's counsel via CM/ECF December 6th, 2010. Thus, the Defendant was again put on notice that he had failed to answer WDH's Complaint.

11.  WDH prepared a Motion for Default Judgment, and was in the process of obtaining updated damages information.

12.  On December 22, 2010, a full eleven days after the entry of default, Defendant's counsel filed a Motion to Vacate Default Judgment. In the motion, Defendant's counsel suggests that preparation for and attendance at a trial so consumed Defendant's counsel's time that he was precluded from answering WDH's Complaint.

13. Defendant's counsel states that the trial prevented him from answering the Complaint between the 8th and 13th of December, 2010. This period began subsequent to the deadline for answering the Complaint in this Court. Furthermore, counsel failed to file any pleading for an additional nine days after the trial. Defendant's counsel provides no explanation for this additional delay.

14. At no time did Defendant's counsel contact WDH's counsel to request an extension of time to answer, or to solicit a stipulation to enlarge time to present to this court.

15. As a consequence of the Defendant's failure to respond to WDH's Complaint, WDH expended attorney's fees pursuing its remedies upon default.

16. The hourly rate of attorneys representing WDH in this matter range from $189-$360 per hour. These rates are reasonable given this type of commercial litigation.

17. WDH incurred the following attorney's fees in arranging entry of default and preparing to file a motion for default judgment as a result of the Defendant's failure to respond to its Complaint:

    a. 10.7 hours preparing the Plaintiff's Motion, Affidavit in Support and Request for Entry of Default, for a total of $2,603.40 in fees.

18. In recognition of this Court's strong preference favoring a trial on the merits over default judgments, WDH will not contest the Defendant's motion to vacate the entry of default. However, WDH believes it is due compensation for the costs incurred as a result of the Defendant's failure to timely answer the Complaint.

WHD/7578687.3

Dated: January 18th, 2011

_____
Jonathan D. Bundy
State Bar No. 1074290
Attorney for WDH, LLC

Subscribed and sworn to before me
this 18th day of January, 2011.

_Betty R. Evans_
Notary Public, State of Wisconsin
My Commission expires 2-20-11

4