IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WDH LLC,

                    Plaintiff,                              ORDER

v.

                                                10-cv-741-wmc

ROBERT SOBCZAK-SLOMCZEWSKI,

                    Defendant.

---

In a September 17, 2011 order, this court granted plaintiff's motion to compel discovery and ordered cost-shifting pursuant to F.R. Civ. Pro. 37(a), which provides that the loser in a discovery dispute must pay the winner's reasonable expenses, including attorney's fees, incurred in bringing its motion. Rule 37(a) is a fee-shifting rule, and the winner is entitled to be made whole unless its opponent establishes that his position was substantially justified. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994).

Here, plaintiff has submitted an itemized bill for $3,412.94, with one attorney doing about 13 hours of work at $207/hr. and a supervising attorney doing about two hours of work at $450/hr. *See* dkt. 29. The result was a 6½ page motion with case cites and record cites, accompanied by with a set of exhibits.

In response, defendant, who is proceeding pro se, rehashes his version of the discovery timeline to argue that things weren't as dire as plaintiff claimed. Defendant then takes issue with the amount of time spent on a brief that was only seven pages long "and still not free of errors, misspellings and typos." *See* Dkt. 37 at 3. The court already has found that defendant's approach to discovery was dilatory and unresponsive, so rehashing the timeline is a nonstarter. The court does not deduct for typos, so that's not going to help defendant either. A $3400+

bill for this amount of work is not unusual in a multimillion dollar business lawsuit, so the court does not share defendant's dismay at the tab. The bottom line is that the amount claimed is reasonable and there are no circumstances that would make an award of these costs unjust. Even so, as an accommodation to what I perceive to be defendant's precarious financial situation, I will round the request down to the nearest thousand dollars.

ORDER

It is ORDERED that defendant shall pay $3000 to plaintiff's attorneys not later than December 9, 2011.

Entered this 9th day of November, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge