IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WDH LLC,

    Plaintiff,

v.

ROBERT SOBCZAK-SLOMCZEWSKI,

    Defendant.

ORDER

10-cv-741-wmc

---

Defendant Robert Sobczak-Slomczewski filed a notice of removal of this case from the circuit court for Sauk County, Wisconsin on November 29, 2010. In the underlying complaint, plaintiff WDH LLC brings state law claims for breach of contract, conversion and civil theft against Sobczak-Slomczewski. The parties have completed briefing WDH's motion for summary judgment. In an August 29, 2011 order granting Sobczak-Slomczewski's motion to vacate the entry of default against him, the court concluded that there was complete diversity between the parties. (Dkt. #26.) Further review of the complaint, notice of removal and summary judgment materials indicates that this conclusion was premature. Because WDH is a limited liability company, Sobczak-Slomczewski must provide the names and citizenship of each member of WDH in order to show that the parties are diverse. Sobczak-Slomczewski will be given two weeks to provide this information or this action will be dismissed and the case will be remanded to state court.

1

OPINION

Under 28 U.S.C. § 1446(c)(4), a district court must examine a notice of removal to determine whether it appears on its face or by any attached exhibits that an order for summary remand must be issued. In determining whether removal is proper under § 1441, the Seventh Circuit advises that a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, Sobczak-Slomczewski alleges in his notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Dkt. #1 ¶¶ 9-14.) For the latter to be true, however, there must be complete diversity,

2

meaning any plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Although Sobczak-Slomczewski states in his notice of removal that WDH is a Delaware corporation, both the complaint and WDH's summary judgment materials indicate that it is a Delaware limited liability company. (Dkt. #1 Ex. B ¶ 1; Dkt. #32 ¶ 1.) Since "the citizenship of an LLC is the citizenship of each of its members," Sobczak-Slomczewski has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Before dismissing this action for lack of subject matter jurisdiction and remanding to the state court, Sobczak-Slomczewski will be given leave to file within 14 days a supplement to his notice of removal establishing subject matter jurisdiction by alleging the names and citizenship of each member of WDH. In alleging the LLC's citizenship, Sobczak-Slomczewski should keep in mind that if the member or members of the LLC are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) Defendant Robert Sobczak-Slomczewski shall have until January 19, 2012, to file and serve a supplement to his notice of removal containing good faith

allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction and remand to the state court.

Entered this 5th day of January, 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge