UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

WDH LLC,

        Plaintiff,

v.

ROBERT SOBCZAK-SLOMCZEWSKI,

        Defendant.

Civil Action No. 10-cv-741

---

**PLAINTIFF WDH LLC'S RESPONSE TO ORDER REQUESTING PROOF OF COMPLETE DIVERSITY OF CITIZENSHIP FOR PURPOSES OF DETERMINING SUBJECT MATTER JURISDICTION**

---

## INTRODUCTION

On January 5, 2012, the Court ordered Defendant Robert Sobczak-Slomczewski ("Defendant") to set forth the names and citizenship of each member of Plaintiff WDH LLC ("WDH") in order to show the parties to this case are diverse. (Dkt. #53). The Court provided two weeks for Defendant to present information supporting diversity jurisdiction under penalty of remand to state court. (*Id.*)

Recognizing that Defendant may lack access to information necessary to show the parties are completely diverse (*see* Dkts. ##43 & 52), or that he may favor remand because it will further delay judgment in this case (*see* Dkt. #44), WDH offers this Response to the Court's Order. WDH proves herein that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332; and, alternatively, 12 U.S.C. § 632. Remand is therefore unnecessary.

Moreover, even though Defendant bears the burden of establishing jurisdiction is present, *Smart v. Local 702 Int'l Bhd of Elec. Workers*, 562 F.3d 798, 802 (7th Cir.

2009), the principles of judicial economy and efficiency counsel in favor of this Court exercising its lawful jurisdiction over the case at bar. This dispute has been pending before the Court for over a year, it is ripe for judgment pursuant to WDH's currently-pending summary judgment motion, and trial is less than two months away. Defendant's dilatory conduct in this case aimed at avoiding judgment is well-documented. WDH has spent considerable time and resources attempting to secure judgment against Defendant, and would therefore suffer substantial harm if the Court were to remand the case to state court. There is nothing precluding this Court from ruling on the summary judgment motion before it, or, if necessary, presiding over trial on the merits in March. The Court should find it has subject matter jurisdiction and proceed to rule on the merits of this case.

## BACKGROUND

**I. FACTS NECESSARY TO DETERMINE SUBJECT MATTER JURISDICTION.**

As set forth in the Complaint, originally filed in Sauk County Circuit Court, WDH is a Delaware limited liability company. (Dkt. #6-2; *see also* Declaration of Stephanie Heller ("Heller Decl.") ¶ 2). Its sole member is U.S. Bank National Association, not individually but solely as trustee for the registered holders of the Maiden Lane Commercial Mortgage Backed Securities Trust 2008-1 (the "Trust"). (Heller Decl. ¶ 3). U.S. Bank National Association is a national banking association. (Heller Decl. ¶ 4). Its main office, as set forth in its articles of association, is located in Cincinnati, Ohio. (*Id.*)

Additionally, the sole beneficiary of the Trust is Maiden Lane LLC, which is a Delaware limited liability company. (Heller Decl. ¶ 5). The sole member of Maiden

Lane LLC is the Federal Reserve Bank of New York ("FRBNY"), which is a federal reserve bank with its head office located in New York, New York. (Heller Decl. ¶ 6). As set forth in Defendant's Notice of Removal, Defendant is an adult resident of the State of Illinois. (Dkt. #1).

## II.   ADDITIONAL FACTS FAVOR EXERCISING JURISDICTION.

Defendant has exhibited one goal in this case from the outset: to delay judgment. More than one year ago, Defendant, who was represented by counsel at the time, removed this case to federal court from Sauk County Circuit Court and failed to file an Answer to the Complaint. (Dkt. ##1, 4). The Court entered default judgment against Defendant. (Dkt. #5). Twelve days later, Defendant's counsel filed a motion to vacate the Court's entry of default judgment. (Dkt. ## 6, 6-2). The Court eventually granted Defendant's motion to vacate. (Dkt. #26).

WDH served its First Set of Interrogatories, Requests for Admission and Requests for Production of Documents to Defendant ("Discovery Requests") upon Defendant on March 4, 2011. (Dkt. #24, ¶ 2, Exh. A). Defendant failed to respond to the Discovery Requests despite WDH's repeated requests that he respond. (Id. ¶¶ 2, 3, Exhs. A, B).[1]

During the May 5, 2011 recorded Status Conference before Magistrate Judge Crocker, Defendant represented that he never received the Discovery Requests from WDH. (Id. ¶ 4.) Judge Crocker instructed WDH to re-send the Discovery Requests to Defendant for a third time, and instructed Defendant to respond to the requests within 30 days. (Id. ¶ 5.) In order to allow additional time for discovery and make up for the three-month delay in the case, Judge Crocker also re-set the scheduling order. (Dkt. #21). The

---

[1]   Defendant's dilatory behavior in delaying the discovery process is fully briefed in WDH's Motion to Compel, which WDH incorporates herein by reference. (Dkt. ##23-24).

Second Preliminary Pretrial Order clearly set forth September 2, 2011 as the discovery deadline, September 30, 2011 as the dispositive motion deadline and October 31, 2011 as the deadline to respond to dispositive motions. (*Id.*)  Judge Crocker also advised Defendant that he is not absolved from responding to discovery or any other aspect of this case, despite the fact he is not represented by counsel. (Dkt. #24, ¶ 5).

After additional, multiple extensions, Defendant still failed to respond to WDH's Discovery Requests. (*Id.* ¶¶ 6-12.)  WDH filed a Motion to Compel on August 15, 2011, which the Court ultimately granted on September 15, 2011. (Dkt. ##23, 24, 28).  The Court also sanctioned Defendant for his dilatory behavior. (Dkt. #28).

Meanwhile, on September 30, 2011, pursuant to the Court's Scheduling Order governing this case, WDH filed a Motion for Summary Judgment on all counts contained in the Complaint, along with supporting documents. (Dkt. ##30-36).  Defendant's response to WDH's motion was due on or before October 31, 2011. (Dkt. #21).  Instead of filing a response brief, however, Defendant filed a "Motion for Extension of Discovery Period for Defendant and Extension of Period to Process the Interrogatories, Requests for Admissions of Facts and Requests for Production of Documents to Plaintiff" and "Motion for Extension of Time to File Response Brief to Plaintiff['s] Motion for Summary Judgment" requesting additional time to take discovery and respond to WDH's Motion for Summary Judgment. (Dkt. ##39-42).  The Court summarily denied Defendant's motions. (Dkt. #43).  WDH timely filed its Reply Brief on December 2, 2011, pursuant to the Court's amended summary judgment briefing schedule. (Dkt. ##43, 47-50).  Defendant filed a request for surreply and another request for additional time to conduct discovery, and the Court denied both. (Dkt. ##51-52).

## ARGUMENT

I.  **LEGAL STANDARD.**

    A.  **Diversity Jurisdiction.**

Under 28 U.S.C. § 1332(a)(1), federal courts have jurisdiction where the amount in controversy exceeds $75,000 and where parties are completely diverse. 28 U.S.C. § 1332(a)(1). The complete diversity requirement is satisfied if each plaintiff is a citizen of a different state from each defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

        i.  Citizenship of limited liability companies.

For purposes of diversity jurisdiction, "the citizenship of an LLC is the citizenship of its members". *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). If the member or members of the LLC are themselves a limited liability company, partnership, or other similar entity, then citizenship of those members and partners must also be diverse: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

        ii.  Citizenship of national banking associations.

For purposes of diversity jurisdiction, a national banking association is a citizen of the state in which its main office, as set forth in its articles of association, is located. *Wachovia Bank, N.A. V. Schmidt*, 546 U.S. 303, 307 (2006).

        iii.  Citizenship of trusts.

When determining the citizenship of a trust for purposes of diversity jurisdiction, a court looks to the citizenship of the trustee. *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458,

464 (1980); *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 257 (7th Cir. 1998); *Engrav v. ProAssurance WI Ins. Co.*, 2010 U.S. Dist. LEXIS 11720 at **4-5 (W.D. Wis. Feb. 10, 2010). In certain situations, the court may also consider the citizenship of the trust's beneficiaries. *Navarro*, 466 U.S. at 462; *see also Heck v. A.P. Ross Enterprises, Inc.*, 414 F. Supp. 971 (N.D. Ill. 1976); *Carey v. U.S. Industries, Inc.*, 414 F. Supp. 794 (N.D. Ill. 1976)). This determination hinges on whether "a trustee is a real party to th[e] controversy". *Navarro*, 466 U.S. at 464. Whether a trustee is a real party to the controversy depends on the trustee's powers "to hold, manage, and dispose of assets for the benefit of others." *Id.* Under the circumstances presented in *Navarro* – where trustees had "legal title .... [and] ... manage the assets" – the trustees were not "'naked trustees' who act as 'merely conduits' for a remedy flowing to others." *Id.* at 465 (quoting *McNutt v. Bland*, 43 U.S. (2 How) 9 (1844)). The Court found that the trustees could invoke diversity jurisdiction of the federal courts on the basis of their own citizenship, without regard to the citizenship of the trust beneficiaries. *Id.* at 465-66.

Pursuant to the Trust document at issue here, U.S. Bank National Association serves as trustee of the Trust, which owns billions of dollars of commercial loans. (Heller Decl. ¶ 7, Exh. A). As trustee, U.S. Bank National Association has a variety of rights and duties under the Trust document that it or its agents exercise. (*Id.*) Most relevant here are the duty to examine certificates, reports, documents and other instruments, to identify and report Events of Default, to address Events of Default under the Trust document and to enforce the Trust's rights under the Trust document and a guaranty issued to the Trust by JPMorgan Chase & Co. and other rights and remedies of the Trust, all for the benefit of the Certificateholders by initiating and prosecuting judicial

administrative and other proceedings. (*Id.* Exh. A at §§ 6.01(b); 6.01(k); 6.14(a) and 6.15; *see also* §§ 6.01(a); 6.02(ii); 6.02(v); 6.14(b)).

        iv.    Citizenship of federal reserve banks.

A federal reserve bank is not deemed to be a citizen of any one state for diversity purposes. *Firstar Bank, N.A. v. Wells Fargo Bank, N.A.*, 2004 WL 1323942 at *3 (N.D. Ill. June 14, 2004) (citing *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1241-42 (11th Cir. 2000); *Cosentino v. Federal Reserve Bank of Chicago*, 579 F. Supp. 1261, 1265 (N.D. Ill.1984). Although a federal reserve bank has no citizenship for purposes of diversity jurisdiction, alternative, statutory grounds exist upon which this Court has jurisdiction over disputes involving federal reserve banks.

**B.    Jurisdiction Over Federal Reserve Banks Under 12 U.S.C. § 632.**

Federal courts have original jurisdiction over all civil suits involving federal reserve banks under 12 U.S.C. § 632. *Firstar*, 2004 WL 1323942 at *4. This statute provides, in pertinent part:

> [a]ll suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

Thus, where a federal reserve bank is a party to any civil suit at common law or in equity, federal courts have original jurisdiction. 12 U.S.C. § 632.

**II.    THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

The parties to this lawsuit are completely diverse. As set forth above, WDH is a Delaware limited liability company. (Dkt. #6-2; Heller Decl. ¶ 2). For purposes of diversity jurisdiction, "the citizenship of an LLC is the citizenship of its members."

*Camico*, 474 F.3d at 992. The sole member of WDH is U.S. Bank National Association, as trustee for the Trust. (Heller Decl. ¶ 3).

U.S. Bank National Association is a national banking association, also acting in its capacity as a trustee. (Heller Decl. ¶¶ 3, 4). For purposes of diversity jurisdiction, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia*, 546 U.S. at 307. U.S. Bank National Association's main office, as set forth in its articles of association, is located in Cincinnati, Ohio. (Heller Decl. ¶ 4). Citizenship of a trust for purposes of diversity jurisdiction is determined by the citizenship of the trustee, which, as explained above, is Ohio. *Navarro*, 466 U.S. at 464 (1980).

U.S. Bank National Association as trustee of the Trust took title to several billion dollars of assets consisting of commercial loans and related investments which are serviced by servicing agents which report to U.S. Bank National Association. (Heller Decl. ¶ 7, Exh. A). U.S. Bank National Association is charged with review and examination of the various resolutions, certificates, statements, opinions, reports, documents orders and other instruments furnished to U.S. Bank National Association from time to time by the Master Servicer named in the Trust and other parties managing or servicing Trust assets. (*Id.* Exh. A at § 6.01(b)). U.S. Bank National Association as trustee is obliged to identify and report defaults under the Trust to the Federal Reserve Bank of New York and to the Master Servicer named in the Trust. (*Id.* Exh. A at § 6.14(a)). Upon continuation of default U.S. Bank National Association has the right and the duty, in its own name and as trustee, to take all actions, either directly or through an agent, existing at law, in equity or by statute to enforce its rights and remedies and to

protect the interests, and enforce the rights and remedies of the Trust's Certificateholders. (*Id.* Exh. A at § 6.15). This latter right and duty includes institution and prosecution of judicial, administrative and other proceedings. (*Id.*)

U.S. Bank National Association is also empowered under the Trust to enter into and enforce a corporate guaranty of the obligations of certain Bear Stearns & Co. Inc. affiliates as they relate to the Trust. (*Id.* Exh. A at 6.01(k)). It is also designated as the Master Servicer of the Trust assets (the party responsible for collection and distribution of payments due under the various Trust assets) in the event the Master Servicer named in the Trust is terminated. (*Id.* Exh. A at § 6.14(b)). As the Trust document explains, U.S. Bank National Association is vested with substantial assets and significant powers respecting enforcement of the Trust's rights.

Thus, for purposes of diversity jurisdiction, WDH is a citizen of the State of Delaware and the State of Ohio. The Defendant has admitted he is a citizen of the State of Illinois. (Dkt. #1). As such, parties are completely diverse pursuant to 28 U.S.C. § 1332. Moreover, the amount in controversy exceeds $75,000. (*See* Dkt. #6-2). Therefore, subject matter jurisdiction exists and this case is properly postured in this Court. *Camico*, 474 F.3d at 992.

### III. ALTERNATIVELY, THE COURT ALSO HAS SUBJECT MATTER JURISDICTION PURSUANT TO 12 U.S.C. § 632.

In the event the Court questions whether U.S. Bank National Association, in its capacity as trustee, is "a real party to the controversy" (*see Navarro*, 466 U.S. at 464), it may still properly exercise jurisdiction over the parties. As set forth above, the sole beneficiary of the Trust is Maiden Lane LLC, which is a limited liability company organized under the laws of the State of Delaware. (Heller Decl. ¶ 5). The sole member

of Maiden Lane LLC is FRBNY, which is a federal reserve bank with its head office located in New York, New York. (Heller Decl. ¶ 6).

Federal courts have original jurisdiction over all civil suits involving federal reserve banks under 12 U.S.C. § 632. *Firstar*, 2004 WL 1323942 at *4; *see also* 12 U.S.C. § 632 ("[a]ll suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.") Thus, even if the Court were to question whether U.S. Bank National Association is a real party in interest, subject matter jurisdiction is still proper in this case under 12 U.S.C. § 632.

### III. REMAND WILL CAUSE SUBSTANTIAL HARM TO WDH AND THE INTERESTS OF JUDICIAL ECONOMY AND EFFICIENCY COUNSEL IN FAVOR OF THIS COURT EXERCISING ITS LAWFUL JURISDICTION.

This case is squarely before the Court on WDH's fully briefed motion for summary judgment, and trial is scheduled to begin in roughly six weeks. Although WDH did not initially file this case in federal court, it did not dispute the Court's exercise of jurisdiction after removal because it recognized that, either pursuant to 28 U.S.C. § 1332; or alternatively, 12 U.S.C. § 632, the Court has subject matter jurisdiction over this dispute and it is properly before the Court for adjudication.

Remand to state court now would result in substantial harm to WDH. WDH has spent considerable time and resources litigating this dispute, including fully briefing its summary judgment motion, all the while fending off Defendant's dilatory tactics. Defendant's unresponsive approach to discovery and his apparent goal to avoid judgment have already imposed a substantial burden on WDH; and remand will play directly into

his hands as it will delay judgment even further. The parties will be forced to re-litigate this entire dispute in state court. Such a result would undeservedly reward Defendant and add to the harm already imposed on WDH. Moreover, this matter is ripe for determination pursuant to WDH's motion for summary judgment. The interests of judicial economy and efficiency would be ill served if the Court were to remand this case. This Court has subject matter jurisdiction and should exercise that jurisdiction to enter judgment in favor of WDH on its currently-pending motion for summary judgment, or, if necessary, at trial.

## CONCLUSION

WHEREFORE, for the reasons stated herein, WDH respectfully requests that the Court find it has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 and 12 U.S.C. § 632. Moreover, WDH respectfully requests that the Court, in the interest of judicial economy and efficiency, refrain from remanding this case to state court and exercise its lawful jurisdiction to adjudicate this matter.

DATED: January 18, 2012.

/s/ Melissa Caulum Williams
Jerard J. Jensen
State Bar No. 1016910
Daniel J. McGarry
State Bar No.1052213
Melissa Caulum Williams
State Bar No.1056853
Attorneys for Plaintiff WDH LLC
Whyte Hirschboeck Dudek S.C.

**Address:**
33 East Main Street, Suite 300
Madison, WI 53703-4655
Telephone: 608-255-4440
Fax: 608-258-7138
Email: jjensen@whdlaw.com
dmcgarry@whdlaw.com
mcaulumwilliams@whdlaw.com